No. _____

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

In Re Matt Martorello, Eventide Credit Acquisitions, LLC, Justin Martorello, and
Rebecca Martorello,

*Petitioners.*

---

From the United States District Court for
the Eastern District of Virginia
the Honorable Robert E. Payne
Case Nos. 3:17-cv-00461-REP; 3:18-cv-00406-REP; 3:19-cv-00314-REP

---

## PETITION FOR A WRIT OF MANDAMUS
## TO THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## AND EMERGENCY MOTION FOR STAY
## PENDING CONSIDERATION OF THIS PETITION

---

JOHN D. TALIAFERRO
LOEB & LOEB LLP
901 New York Ave. NW, Ste. 300
Washington, DC 20001
(202) 618-5000
jtaliaferro@loeb.com

BERNARD R. GIVEN II
*Counsel of Record*
LOEB & LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA 90067
(310) 282-2000
bgiven@loeb.com

*Counsel for Petitioners*

---

23248612.8
233953-10004

## CORPORATE DISCLOSURE STATEMENT

Matt Martorello, Justin Martorello, and Rebecca Martorello are individuals, not a nongovernmental corporation, so there is nothing for them to disclose pursuant to Federal Rule of Appellate Procedure 26.1(a).

Eventide Credit Acquisitions LLC is wholly owned by Breakwater Holding, LLC.  No publicly held corporation owns more than 10% of Eventide's interests. Eventide's equity securities are not publicly held.

## **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

INTRODUCTION ..................................................................................................i

STATEMENT ......................................................................................................1

ARGUMENT ......................................................................................................4

     I.     The Court Should Exercise Its Mandamus Authority to
Correct Orders That Disregard Established Principles of
Appellate Authority..............................................................................4

     II.    This Court Should Stay The Proceedings Requiring
Statements of Position Pending Review of the Petition.......................7

CONCLUSION ....................................................................................................9

## <u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

**Cases**

*Bosely v. Lemmon* (*In re Mills*),
  <u>287 F. App'x 273</u> (4th Cir. 2008) ...................................................................7

*Cheney v. U.S. Dist. Court for Dist. of Columbia*,
  <u>542 U.S. 367</u> (2004) .......................................................................................4

*In re City of Va. Beach*,
  <u>42 F.3d 881</u> (4th Cir. 1994), and (3) .............................................................4

*In re First Fed. Sav. & Loan Ass'n of Durham*,
  <u>860 F.2d 135</u> (4th Cir. 1988) ..........................................................................4

*In re Grand Jury Proceedings John Doe # 462 (Under Seal)*,
  <u>757 F.2d 600</u> (4th Cir. 1985) ..........................................................................7

*Griggs v. Provident Consumer Disc. Co.*,
  <u>459 U.S. 56</u>, <u>103 S. Ct. 400</u> (1982) ...............................................................7

*In re McKenzie*,
  <u>180 U.S. 536</u> (1901) .......................................................................................8

In *re Mt. Hawley Ins. Co.*,
  <u>773 F. App'x 771</u> (4th Cir. 2019) ..................................................................7

*In re Murphy-Brown, LLC*,
  <u>907 F.3d 788</u> (4th Cir. 2018) .......................................................................4, 6

*Nken v. Holder*,
  <u>556 U.S. 418</u> (2009) .......................................................................................8

*Williams v. Martorello*,
  No. 21-2116 (4th Cir.) .............................................................................*passim*

*Williams, et al. v. Big Picture Loans, LLC et al.*,
  No. 18-1827 (4th Cir.) .........................................................................2, 3, 5, 6

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>**Page(s)**</u>

**Statutes**

All Writs Act, <u>28 U.S.C. § 1651</u> ............................................................. 1

All Writs Act, <u>28 U.S.C. § 1651(a)</u> ....................................................... 8

**Other Authorities**

<u>Fed. R. App. P. 21</u> ............................................................................... 1

<u>Fed. R. App. P. 28(j)</u> .......................................................................... 2

Local Rule 8(a)(2)(A)(i) ........................................................................ 5

## INTRODUCTION

Pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure, Petitioners respectfully ask this Court to issue a writ of mandamus directing the halt of briefing and implementation of orders from the District Court entered in Eastern District of Virginia cases: No. 3:17-cv-00461-REP ("*Williams*"); No. 3:18-cv-00406-REP ("*Galloway I*"); 3:19-cv-00314-REP ("*Galloway II*"); and No. 3:19-cv-00470-REP ("*Galloway III*") on November 29, 2022 (the "Orders").[1]

Because the District Court has ordered briefing to be filed on December 9, 2022, in *Williams, Galloway I* and *Galloway II*, Petitioners also ask this Court to issue an immediate administrative stay of all briefing deadlines in those cases, as a stay pending this Court's consideration of this important mandamus petition is necessary to avoid irreparable harm that will likely result if the Orders are not stayed.

## STATEMENT

1.    On October 28, 2022, this Court heard oral argument in *Williams v. Martorello*, No. 21-2116 (4th Cir.) (the "Pending Appeal"), which appealed various issues from *Williams*.  Those issues include, among others, whether the

---

[1] The Orders are attached hereto as Exhibits 1-3.

District Court violated the mandate rule by altering prior factual findings and questions of contract interpretation that had been affirmed and reached by this Court in a prior appeal, *Williams, et al. v. Big Picture Loans, LLC et al.*, No. 18-1827 (4th Cir.) (the "Prior Appeal"). *See* Exhibit 10 (Pending Appeal ECF No. 25 at 60-63). Appellants further requested this Court to exercise its discretion to reassign *Williams* and the related cases to a different district court judge to ensure faithful implementation of future mandates. *See id.* at 63-64.

2.      During oral argument in the Pending Appeal, the Panel questioned the reason for the delay between the issuance of this Court's mandate to dismiss defendants Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension"), entered on July 17, 2019 in the Prior Appeal (Exhibit 4, *Williams* ECF 600) (the "Mandate"), and the actual dismissal of those parties from *Williams* seven months later on February 18, 2020 (Exhibit 5, *Williams* ECF 668). After oral argument, Appellees filed a notice of supplemental authority, purportedly under Fed. R. App. P. 28(j) (Exhibit 6, Pending Appeal ECF 55), to "clarify three procedural matters discussed during [oral] argument" relating to the execution of the mandate, and Appellants responded, (Exhibit 7*,* Pending Appeal ECF 56).

3.      As of the time of this Emergency Motion, this Court has not yet ruled on the issues raised in the Pending Appeal. Nor has this Court ordered the parties

to further brief issues relating to whether the mandate rule was violated in connection with the Prior Appeal.

4.      Nonetheless, on November 29, 2022, <u>without</u> any pending Motion before it, the District Court entered the Orders (*Williams* ECF 1134; *Galloway I* ECF 633; and *Galloway II*, ECF 472)[2] and directed the parties, by no later than December 9, 2022, to simultaneously file "statements of position explaining their understanding of the reason for the delay between the issuance" of the Mandate and the dismissal of Big Picture and Ascension.  *See* Exhibits 1-3 at 7-8.[3]  A review of the Orders demonstrates that it was prompted by the District Court's review of the oral argument transcript in the Pending Appeal. *See id.* at 6-7 ("[d]uring [oral] argument, it appears as if a question was raised as to the reason for the delay between the issuance of the mandate in [*Williams*] and the dismissal of Big Picture and Ascension").  Proffering its basis for the delay, the lower court then stated that "the Record in this Court suggests that the delay occurred because the off described 'global' settlement negotiations in *Williams*, *Galloway I*,

---

[2] Although the Orders were filed on November 29, 2022, they were not entered or served until 11:30 a.m. (ET) on November 30, 2022.  The Orders are attached hereto as Exhibits 1-3.

[3] On November 22, 2022, the District Court also entered an order requiring the Parties to address all outstanding issues that require resolution, indicating an intent to issue further rulings.  *See* Exhibit 8, *Williams*, ECF 1133.  This order was also issued without a pending motion.  The parties, however, will not know what issues remain until this Court first rules on the Pending Appeal.

*Galloway II* and the Out-of-State cases that precipitated *Galloway III* as a vehicle for global settlement, all with the approval of all parties in all those cases…" *Id.* at p.7.

## ARGUMENT

I.     **The Court Should Exercise Its Mandamus Authority to Correct Orders That Disregard Established Principles of Appellate Authority**

Mandamus review is appropriate here.  A writ of mandamus may issue where (1) the petitioner has established that its "right to issuance of the writ is clear and indisputable"; (2) the petitioner has no other adequate means to obtain the relief sought; and (3) the court deems the writ "appropriate under the circumstances."  *In re Murphy-Brown, LLC,* 907 F.3d 788, 795 (4th Cir. 2018) (citing *Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81 (2004)).  A petitioner generally must also show that "irreparable harm is likely," *In re City of Va. Beach,* 42 F.3d 881, 884 (4th Cir. 1994), and that "no other adequate remedy is available."  *In re First Fed. Sav. & Loan Ass'n of Durham,* 860 F.2d 135, 138 (4th Cir. 1988).

Petitioners submit that each of the elements are met.

A review of the Orders makes clear that they are an improper attempt by the District Court to usurp this Court's authority to reach a decision in the Pending Appeal relating to the Mandate.  The fact that the Orders do not attach to, or relate in any way to, any pending motion before the District Court demonstrates their

impropriety.  Moreover, being required to file Statements of Position, as directed by the Orders, would require Petitioners to speculate as to why they believe the District Court delayed in following the Mandate from the Prior Appeal.  Only the District Court would know its reasoning for the delay.  If this Court were interested in additional briefing on this subject matter, Petitioners expect that it would have directed supplemental briefing.  As it has not done so, Petitioners submit that the District Court's *sua sponte* direction that the parties provide additional briefing is improper.  Given the short time period provided by the District Court's deadline, as well as the views expressed in the District Court's Order, moving first in the District Court would also be impracticable.  Local Rule 8(a)(2)(A)(i).

The Orders are also an improper attempt by the District Court to supplement the Record with respect to its failure to follow the Mandate.  While the District Court states in the Orders that "the Record in this Court suggests that the delay occurred because the off described 'global' settlement negotiations in *Williams*, *Galloway I*, *Galloway II* and the Out-of-State cases that precipitated *Galloway III* as a vehicle for global settlement, all with the approval of all parties in all those cases…" (emphasis added), this statement is factually inaccurate.

None of the Petitioners herein "approved" any delay, settlement agreement or its implementation in *Galloway III*.  To the contrary, Petitioner Eventide Credit Acquisitions, LLC even notified the District Court in its motion to intervene in

*Galloway III* that it objected to the settlement agreement that was ultimately reached between the Plaintiffs, on the one hand, and Big Picture, Ascension and parties affiliated with them, on the other hand, after the District Court delayed in following the Mandate. *See* Exhibit 9, *Galloway III* ECF 43 at 1-2 (objecting to the settlement because it "…improperly used Eventide's Collateral to fund the Settlement Agreement and (2) lower[ed] Remaining Note Payments which LVD and its lending entities must fulfill to complete its equity purchase of Bellicose Capital by capping future debt collections, despite Eventide not being a party to or getting any benefit from the Settlement Agreement").

Moreover, the Orders are factually inaccurate because, after the July 3, 2019 ruling by this court in the Prior Appeal, three of the out-of-state cases referenced in the Orders had already been voluntarily dismissed by September 20, 2019. As such, those actions were not actually still pending nor resolved by the "global" settlement. As for the other two out-of-state cases, those cases were not globally resolved and still remain pending, but solely against Matt Martorello and Eventide.

Against this backdrop, it is clear that Petitioners' right to issuance of the writ is clear, indisputable and appropriate under the circumstances. *See In re Murphy-Brown, LLC*, 907 F.3d at 795. It is also clear that Petitioners have no other adequate means to obtain the relief sought. *See id.*

6

Finally, Petitioners will be irreparably harmed if the writ does not issue. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982). The extraordinary delay in the issuance of the Mandate is one of the precise issues in the Pending Appeal. *See* Exhibit 10, Pending Appeal ECF 25 at 5 ("Did the district court violate the mandate rule in the Misrepresentation Opinion by altering binding conclusions and factual findings that were affirmed on appeal by this Court?"). This Court has not requested additional briefing on the Mandate violation.

As such, forcing Petitioners to brief an issue in the District Court that is currently the subject of the Pending Appeal will irreparably affect Petitioners right to have that issue determined by this Court.

## II. This Court Should Stay The Proceedings Requiring Statements of Position Pending Review of the Petition.

Because the Court has required Statements of Position to be filed on December 9, 2022, Petitioners ask that this Court issue an immediate Stay of the Implementation of the Orders.

This Court has previously granted stays of district court proceedings pending disposition of a petition for a writ of mandamus. *See, e.g., In re Mt. Hawley Ins. Co.*, 773 F. App'x 771, 771 (4th Cir. 2019); *Bosely v. Lemmon* (*In re Mills*), 287 F.

App'x 273, 276 (4th Cir. 2008); *In re Grand Jury Proceedings John Doe # 462 (Under Seal)*, 757 F.2d 600, 602 (4th Cir. 1985) (discussing grant of stay pending decision on writ of mandamus).  A stay is likewise appropriate here. *See Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (concluding the traditional stay factors govern a request for a stay pending appellate review and noting that "[a]n appellate court's power to hold an order in abeyance while it assesses the legality of the order has been described as 'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"  (citing All Writs Act, 28 U.S.C. § 1651(a); *In re McKenzie*, 180 U.S. 536, 551 (1901)).

For each of the reasons set forth herein, Petitioners have already demonstrated a likelihood that they will prevail and this Court will issue the Writ. A stay pending this Court's consideration will also not harm Respondents as they did not seek any relief that precipitated the Orders nor will a stay meaningfully delay the resolution of proceedings in the District Court as the *Williams* and *Galloway I* cases had already been generally stayed pending this Court's decision in the Pending Appeal.

## CONCLUSION

For the foregoing reasons, this Court should grant this Petition for Writ of

Mandamus, and, pending is consideration of this Petition, issue a Stay to Preclude

the Implementation of the November 29, 2022 Orders from the District Court.

Dated:  December 5, 2022         LOEB & LOEB LLP
                                      BERNARD R. GIVEN II

                          By: /s/ *Bernard R. Given II*
                                    Bernard R. Given II
                                    Attorneys for Petitioners

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-volume limitations of

Federal Rule of Appellate Procedure 5(c)(1) because it contains 1,946 words,

excluding parts exempted by Federal Rule of Appellate Procedure 5(b)(1)(E).

I further certify that the text of this petition complies with the typeface and

type-style requirements of Federal Rule of Appellate Procedure 32(a) because it is

set in Times New Roman and is proportionately spaced with a typeface of

14 points or more.

Dated: December 5, 2022                    LOEB & LOEB LLP
                                           BERNARD R. GIVEN II

                                           By: /s/ *Bernard R. Given II*
                                               Bernard R. Given II
                                               Attorneys for Petitioners

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Amy Austin, VSB #46579
CONSUMER LITIGATION ASSOCIATES
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
lenbennett@clalegal.com
craig@clalegal.com
amyaustin@clalegal.com

Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
casey@kellyguzzo.com

E. Michelle Drake, *Admitted Pro Hac Vice*
John G. Albanese, *Admitted Pro Hac Vice*
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5999
Facsimile: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net

Beth E. Terrell, *Admitted Pro Hac Vice*
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Elizabeth A. Adams, *Admitted Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
eadams@terrellmarshall.com

Matthew Wessler, *Admitted Pro Hac Vice*
GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792
matt@guptawessler.com

*Attorneys for Plaintiffs and Classes*

/s/ *Bernard R. Given II*
Bernard R. Given II

23248612.8
233953-10004

## ATTACHMENTS:

Exhibit 1: Order entered in 3:17-cv-00461 REP (ECF 1134).

Exhibit 2: Order entered in 3:18-cv-00406 REP (ECF 633).

Exhibit 3: Order entered in 3:19-cv-00314 REP (ECF 472).

Exhibit 4: Mandate issued on July 25, 2019 (Prior Appeal, ECF. 600)

Exhibit 5: Order of Dismissal entered on February 18, 2020 in 3:17-cv-00461 REP (ECF 688).

Exhibit 6: Notice of Supplemental Authority filed in Pending Appeal (ECF 55).

Exhibit 7 : Response to Notice of Supplemental Authority in Pending Appeal (ECF 56).

Exhibit 8 : Order entered in 3:17-cv-00461 REP (ECF 1133).

Exhibit 9 : Motion to Intervene filed in 3:19-cv-00470 REP (ECF 43).

Exhibit 10 : Brief of Appellant filed in Pending Appeal (ECF 25).