No. 22-2248

# In the United States Court of Appeals for the Fourth Circuit

―――――――――――――――

IN RE MATT MARTORELLO, EVENTIDE CREDIT ACQUISITIONS, LLC, JUSTIN MARTORELLO, AND REBECCA MARTORELLO,

*Petitioners.*

―――――――――――――――

On Appeal from the United States District Court
for the Eastern District of Virginia at Richmond
Case Nos. 3:17-cv-00461-REP, 3:18-cv-00406-REP; 3:19-cv-00314-REP
(The Honorable Robert E. Payne)

―――――――――――――――――――――――――――――――――――――――

## RESPONDENTS' OPPOSITION TO PETITIONERS' EMERGENCY MOTION FOR STAY

―――――――――――――――――――――――――――――――――――――――

KRISTI C. KELLY
ANDREW J. GUZZO
CASEY S. NASH
KELLY GUZZO PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7571
kkelly@kellyguzzo.com

MATTHEW W.H. WESSLER
GREGORY A. BECK
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
matt@guptawessler.com

*Counsel for Respondents Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, Marcella P. Singh, Renee Galloway, Dianne Turner, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Dominique de la Bay, Lori Fitzgerald, Andrea Scarborough, Earl Browne, Burry Pough, Lisa Martinez, Sonja Grandy, Anastasia Sherman, Jerry Avent, Lucinda Gray, Anthony Green, Linda Madison, Derek Geter, Keisha Hamm, Faith Thomas, Sharon Paavo, and Latanya Tarleton*
*(additional counsel listed on following page)*

December 7, 2022

LEONARD A. BENNETT
CRAIG C. MARCHIANDO
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
(757) 930-3660
*lenbennett@clalegal.com*

BETH E. TERRELL
ELIZABETH A. ADAMS
JENNIFER R. MURRAY
TERRELL MARSHALL LAW GROUP PLLC
936 North 35th Street, Suite 300
Seattle, WA 98103
(206) 816-6603
*beterrell@terrellmarshall.com*

JAMES W. SPEER
VIRGINIA POVERTY LAW CENTER
919 East Main Street, Suite 610
Richmond, VA 23219
(804) 782-9430
*jay@vplc.org*

JOHN G. ALBANESE
ELEANOR M. DRAKE
BERGER & MONTAGUE, P.C.
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
(612) 594-5997
*jalbanese@bm.net*

MICHAEL A. CADDELL
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007
(713) 751-0400
*mac@caddellchapman.com*

i

# RESPONSE

On October 28, 2022, this Court heard oral argument in *Williams v. Martorello*, Case No. 21-2116 (4th Cir.). During the oral argument, one member of the panel asked Mr. Martorello's counsel the following questions: "When the mandate went to the district court, what took so long? Why didn't the district court follow what we said? Do you know?" In response to this question, Appellant's counsel answered: "We don't know. That's the problem. We had urged the district court to do something and, in fact, it then held additional hearings. We don't know why the district court didn't [abide] the mandate."[1]

After the oral argument, the district court entered an order dated November 29, 2022, asking the parties to file "Statements of Position explaining their understanding of the reason for the delay between the issuance of the Fourth Circuit's mandate in *Williams* and the dismissal of Big Picture and Ascension in *Williams*." Nov. 29, 2022 Order, Dkt. 1134 at pg. 7 (internal citation omitted). In doing so, the Court noted that it was "important that the record be complete and accurate on this point because it is important that, at all times, the parties and this Court demonstrate appropriate respect for, and compliance with, the directives of the United States Court of Appeals for the Fourth Circuit." *Id.* Given the severity of the allegations, the district

---

[1] Fourth Circuit Court of Appeals, Oral Argument/Listen to Oral Arguments, Opening Argument of Bernard Given, Audio File at 2:17-2:36.

1

court further added that "the Court of Appeals should be under no misapprehension respecting the delay." *Id.*

Mr. Martorello's writ seeks to avoid compliance with the minimal obligations imposed by this order for a reason: its representation to this Court regarding the delay were inaccurate. As explained in the Appellees' Notice of Supplemental Authority (*see Dkt. 55)*, after this Court's mandate issued on July 25, 2019, a dispute arose between the plaintiffs, Big Picture Loans, and Ascension Technologies over whether the tribal entities were entitled to judgment under Rule 54(b) or dismissal pursuant to Rule 12(b)(1).[2] The parties were unable to resolve this dispute, and Big Picture and Ascension filed a Motion for Entry of Judgment Pursuant to Rule 54(b) on August 12, 2019. Dkt. 604. On September 4, 2019, plaintiffs responded that they did "not object to" the request to "comply with the Fourth Circuit's mandate," but that the "additional request to enter judgment under Rule 54(b)" was "both unnecessary and unwarranted." Dkt. 620 at 1.

Approximately one month after the Rule 54(d) motion was fully briefed, a settlement was reached. This settlement resolved pending claims in multiple cases (including out-of-state matters in Oregon and Massachusetts) against Big Picture, Ascension, their employees, and certain investors in their portfolios. Following the

---

[2] This was a significant dispute as it could have conceivably required the plaintiffs to pay the attorneys' fees and costs of Big Picture and Ascension.

2

completion and execution of a memorandum of understanding, the plaintiffs, Big Picture, and Ascension *jointly* requested the district court to stay all proceedings in *Williams*, including resolution of the Rule 54(d) motion. Dkt. 637. On October 21, 2019, the district court granted the parties' stay request. *Id.*

Mr. Martorello, as a party to the litigation, received all of these filings and thus knew of the exact reason why the district court did not immediately dismiss the claims against Big Picture and Ascension. Mr. Martorello and his family members (who are not even parties in this case but who are defendants in another matter because they received substantial money from the illegal loans) nevertheless now seek a writ of mandamus "directing the halt" of the district court's request for a statement of position regarding the reason for the delay between the issuance of this Court's mandate in *Williams* and the subsequent dismissal of Big Picture and Ascension. Dkt. 3 at pg. 6. They further seek a stay to prevent the completion of a complete and accurate record on this important point.

The request to stay ignores the firmly established rule that "[t]o obtain a stay pending the filing and disposition of a petition for a writ of mandamus," an applicant must show "a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). Here, the stay motion does not meaningfully attempt to argue that irreparable harm will result from a denial of the stay. Dkt. 3 at pgs. 12-13. Nor could it. The only conceivable harm is the incurring of

3

a nominal amount of fees to file their Statement of Position. But Petitioners could have easily filed their position in the amount of time and expense it incurred to file this motion in this Court. And regardless, monetary expenses—even where they are "substantial"—are not enough to justify a stay. *Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970) (citation omitted). For this reason alone, the Court should deny the request.

        Respectfully submitted,

        */s/Kristi C. Kelly*
        KRISTI C. KELLY
        ANDREW J. GUZZO
        CASEY S. NASH
        KELLY GUZZO, PLC
        3925 Chain Bridge Rd., Suite 202
        Fairfax, VA 22030

        MATTHEW W.H. WESSLER
        GREGORY A. BECK
        GUPTA WESSLER PLLC
        2001 K St. NW, Suite 850 North
        Washington, DC 20006
        (202) 888-1741
        matt@guptawessler.com

December 7, 2022        *Counsel for Respondents*

4

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 823 words, excluding the parts exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Baskerville font.

December 7, 2022               */s/ Kristi C. Kelly*
                                Kristi C. Kelly

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. The following participants will be served by U.S. mail, all others will be served through the CM/ECF system:

MATTHEW W.H. WESSLER
GREGORY A. BECK
GUPTA WESSLER PLLC
2001 K St. NW, Suite 850 North
Washington, DC 20006

BETH E. TERRELL
ELIZABETH A. ADAMS
JENNIFER R. MURRAY
TERRELL MARSHALL LAW GROUP PLLC
936 North 35th Street, Suite 300
Seattle, WA 98103

JOHN G. ALBANESE
ELEANOR M. DRAKE
BERGER & MONTAGUE, P.C.
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413

LEONARD A. BENNETT
CRAIG C. MARCHIANDO
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

JAMES W. SPEER
VIRGINIA POVERTY LAW CENTER
919 East Main Street, Suite 610
Richmond, VA 23219

MICHAEL A. CADDELL
CADDELL & CHAPMAN
628 East 9th Street
Houston, TX 77007

December 7, 2022.                          */s/ Kristi C. Kelly*
                                            Kristi C. Kelly